UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**Northern Division**

WILLIE PRIESTER,

    Plaintiff,

vs.

CITY OF RIVIERA BEACH, a FLORIDA,
Municipality, JERRY POREBA, City of
Riviera Beach Police Chief, Police Sergeant, CUSHING,
and Police Officer JAMES A. WHEELER

    Defendants.
_____/

CASE NO.: 96-8205-CIV-RYSKAMP
MAGISTRATE JUDGE SORRENTINO

**NIGHT BOX FILED**

MAR - 6 1998

CARLOS JUENKE
CLERK, USDC / SDFL / WPB

## JOINT PRETRIAL STIPULATION

Plaintiff and Defendant, pursuant to Local Rule 16.1 E. and the Court's Order dated October 8th, 1997, hereby submit this, their Pretrial Stipulation.

1. **Statement of Case**

    a. By Plaintiff

On or about February 22, 1998, Plaintiff was in the vicinity of Military trail and 45th Street when he observed Defendants approaching him leading a large German Shepard dog on a leash. Plaintiff was ordered to lie down on the ground and complied. Defendant, Wheeler, commanded Merko, the dog, to attack the Plaintiff. Merko bit Plaintiff on numerous

1



times, causing severe injuries.

Plaintiff was then dragged a few feet by the Defendants. After receiving treatment for the dog bites, Plaintiff was arrested for burglary and petit theft. The State took no action against the Plaintiff on this case, nor were any formal charges filed against Plaintiff.

This action challenges City of Riviera Beach's policies and practices in failing to train handlers to allow canines to bite suspects only on direct command or if attacked allowing canines to bite persons suspected of misdemeanors and other non-violent felonies. This action further challenges Police Chief Poreba, Sergeant Cushing and Officer Wheeler's malicious prosecution, battery, use of unreasonable force, and false arrest and imprisonment of Plaintiff, as well as negligent supervision of the Defendants.

b. By Defendants

Plaintiff, a burglary suspect, who is serving prison time in the Department of Corrections on an unrelated charge, filed a multiple count Complaint alleging excessive use of force in violation of 42 U.S.C. sec. 1983 against City of Riviera Beach Police K-9 Officer Wheeler and Officer Cushing, as well as negligent supervision, training, and improper maintenance of K-9 policy and procedure against Police Chief Poreba, and the City.

On February 23, 1994, at approximately 12:30 a.m., Sgt. Cushing of the Riviera Beach Police Department, requested the assistance of police K-9 Officer Wheeler and his police dog, Merko, in reference to his investigation of a commercial burglary. Upon arrival at the scene, Officer Wheeler observed a fresh footprint, a glove, a disturbed portion of a fence, and several bags of snack peanuts and crackers taken in the burglary. Merko was deployed and started to track the suspect in a southerly direction, through a wooded area, along a canal, and, ultimately, to Plaintiff, who was lying in a thicket of saw grass and weeds down the canal's

embarkment. Merko apprehended Plaintiff, resulting in one or two bite wounds to Plaintiff's left calf. Plaintiff was subsequently arrested and charged with burglary and petty theft.

The arrest of Plaintiff was based on probable cause after he was tracked, as the suspect in, and apprehended by, police canine Merko, in the vicinity of a recent commercial burglary. The dog bite or bites he sustained resulted from his resistance at the time he was apprehended, and not from any unlawful acts by the police officers who were conducting a lawful investigation with the use of a trained and certified police search dog. The State's decision to nol prosse was based on the anticipated sentence Plaintiff would likely, and actually did, receive at his violation of parole hearing in October of 1994.

2. **Basis of Federal Jurisdiction**

   28 U.S.C. sec 1331 and sec 1343, 42 U.S.C. sec 1983, and 28 U.S.C. sec 1367.

3. **Pleadings Raising the Issues**

   a. Plaintiff's First Amended Complaint dated January 27, 1997.

   b. Defendants' Answers and Affirmative Defenses to Plaintiff's First Amended Complaint dated March 5, 1998.

   c. Defendants' Corrected Answers and Affirmative Defenses to Plaintiff's Amended Complaint dated March 6, 1998.

4. **Undisposed Motions or Matters Requiring Action by the Court**

   a. Plaintiff's Motion for Default

   b. Joint Motion for Enlargement of Time to File Pretrial Motions

   c. Defendants' Response in Opposition to Plaintiff's Motion for Default

   d. Plaintiff's Reply in Opposition to Defendants' Response to Plaintiff's Motion for Default.

  e. Plaintiff's Motion to Strike Defendants' Answers and Affirmative Defenses to Plaintiff's First Amended Complaint. (Defendants submit this is not before the Court.)

  f. Plaintiff's Motion to Strike Defendants' Corrected Answers and Affirmative Defenses to Plaintiff's First Amended Complaint. (Defendants submit this is not before the Court.)

5. **Uncontested Facts Requiring No Proof at Trial**

  a. On or about February 23, 1994, Plaintiff was apprehended by Merko, a City of Riviera Beach police dog, when police officers, Wheeler and Cushing, who were tracking a burglary suspect.

  b. Plaintiff was treated at St. Mary's Hospital for dog bite related wounds.

  c. Plaintiff was arrested for burglary and petit theft.

  d. The State took No Action in the case described in paragraph 5(c) and filed a nol prosse.

6. **Fact to be Litigated at Trial**

  a. Whether Defendants, Wheeler and Cushing, intentionally, and with willful disregard for the rights and safety of Plaintiff, allowed police dog, Merko, to attack Plaintiff without provocation.

  b. Whether Plaintiff's arrest for burglary and petit theft was without probable cause and therefore the force used was excessive and in violation of the Plaintiff Fourth and Fourteenth Amendment rights under the United States Constitution. (Defendants submit the 14th Amend. issue is not raised in the Amended Complaint, if the Court deems same has even been filed following the Court's Order

  c. Whether Plaintiff was falsely arrested and imprisoned in violation of Plaintiff's Fourth Amendment rights.

  d. Whether Defendants have a custom, policy and practice of deliberate

4

indifference in the training of police canine officers.

 e. Whether Defendants, Poreba, Cushing, and the City of Riviera Beach, breached their duty to Plaintiff by failing to adequately supervise their police officers.

7. **Issues of Law upon which there is Agreement**

 a. None.

8. **Issues of Law which Still Remain for Determination by the Court**

 a. Whether Defendants should be allowed to file an Answer to Plaintiff's First Amended Complaint. (Plaintiff's submission; Defendants disagree that this is an issue of law before the court.)

 b. Whether the Parties Attys are entitled to attorney's fees under 42 U.S.C. sec. 1988.

 c. Whether Defendants should be allowed to file Defendants Corrected Answers and Affirmative Defenses to Plaintiff's First Amended Complaint. (Plaintiff submission; Defendants disagree this ia an issue)

9. **Trial Exhibits With Objections Codes Noted Thereon** - See Schedules B & D Attached Hereto

10. **Trial Witnesses (Excluding Impeachment Witnesses)** - See Schedules A & C Attached Hereto

11. **Estimated Trial Time** - 3 to 4 days

Respectfully submitted,

LAW OFFICES OF HOSEY HERNANDEZ, ESQ.
Co-Counsel for Plaintiff
2701 S. Bayshore Drive, Suite 602
Miami, Fl 33133

and

| | |
|---|---|
| SAENZ & ASSOCIATES, P.A.<br>Co-Counsel for Plaintiff<br>Coral Way Law Center<br>6780 Coral Way<br>Miami, Fl 33155<br><br>_____<br>Cristina Saenz, Esq.<br>Fl Bar No. 0001627 | THE ROSE LAW FIRM, P.A.<br>Counsel for Defendants<br>Flagler Court Building<br>215 Fifth Street, Suite 305<br>West Palm Beach, Fl 33401<br><br>_____ for<br>Jacob Rose, Esq.<br>Fl Bar No. 212202 |

## SCHEDULE A
## PLAINTIFF'S WITNESS LIST

Witnesses

1. Willie Lee Priester, #077558, Jackson Correctional Institution, P.O. Box 4900 Malone, Fl 32445

2. Sergeant Robert Anderson, 3228 Gunclub Road, West Palm Beach, Fl

3. Officer Cushing, City of Riviera Beach Police, 2840 Avenue S, West Palm Beach, Fl

4. Sergeant Patterson, City of Riviera Beach Police, 2840 Avenue S, West Palm Beach, Fl

5. Police Chief Jerry Poreba, City of Riviera Beach Police, 2840 Avenue S, West Palm Beach, Fl

6. Police Officer James A. Wheeler, City of Riviera Beach Police, 2840 Avenue S, West Palm Beach, Fl

7. Patients Records Custodian, St. Mary's Hospital, 901 45 St, West Palm Beach, FL

8. City of Riviera Beach Police Department Records Custodian, 2840 Avenue S, West Palm Beach, Fl

9. Plaintiff reserves the right to seek leave of court amend or supplement his Witness List since partial discovery was received on March 5, 1998.

**SCHEDULE B**
**PLAINTIFF'S EXHIBITS**
**& DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBITS**

| Exhibits | | Objections |
|---|---|---|
| 1. | Deposition of Willie Lee Priester | 3 |
| 2. | Deposition of Robert Anderson | 3 |
| 3. | Deposition of Sergeant Cushing | 3 |
| 4. | Deposition of Sergeant Patterson | 3 |
| 5. | Deposition of Chief Jerry Poreba | 3 |
| 6. | Deposition of James A. Wheeler | 3 |
| 7. | Medical reports from St. Mary's Hospital | 1 |
| 8. | Photographs of Plaintiff after attack | 1 |
| 9. | City of Riviera Beach Police Incident Report | 1 |
| 10. | City of Riviera Beach Police Report | 1 |
| 11. | Excerpts from Officer Wheeler's personnel file | 1 |
| 12. | Excerpts from Sergeant Cushing's personnel file | 1 |

13. Plaintiff reserves the right to seek leave to amend or supplement his Exhibit list since partial discovery was received on March 5, 1998.

## SCHEDULE C
## DEFENDANT'S WITNESSES

Witnesses

1. Willie Lee Priester, #077558, Jackson Correctional Institution, P.O. Box 4900 Malone, Fl 32445

2. Sergeant Robert Anderson, 3228 Gunclub Road, West Palm Beach, Fl

3. Officer William Cushing, City of Riviera Beach Police, 2840 Avenue S, West Palm Beach, Fl

4. Sergeant Patterson, City of Riviera Beach Police, 2840 Avenue S, West Palm Beach, Fl

5. Police Chief Jerry Poreba, City of Riviera Beach Police, 2840 Avenue S, West Palm Beach, Fl

6. Police Officer James A. Wheeler, City of Riviera Beach Police, 2840 Avenue S, West Palm Beach, Fl

7. Patients Records Custodian, St. Mary's Hospital, 901 45 St, West Palm Beach, FL

8. City of Riviera Beach Police Department Records Custodian, 2840 Avenue S, West Palm Beach, Fl

9. Assistant State Attorney responsible for the nol prosse of the burglary and petit theft charges, stemming from Plaintiff's arrest on February 23, 1994, in Case No. 94-2039-CFA99

10. Plaintiff's Probation Officer who violated his parole in 1994.

**PRIESTER vs. CITY OF RIVIERA BEACH, et al**
**CASE NO. 96-8205 CIV-RYSKAMP**

**SCHEDULE "D"**
**DEFENDANTS' LIST OF EXHIBITS WITH**
**OBJECTIONS OF PLAINTIFF**

---

**LIST OF CODES IDENTIFYING BASIS OF OBJECTIONS**
(In accordance with S. D. Fla. L. R. 16.1 E. (9))

| | |
|---|---|
| A | Authenticity |
| I | Contains inadmissible matter (e.g. mentions insurance, prior conviction, ect.) |
| R | Relevancy |
| H | Hearsay |
| UP | Unduly prejudicial - probative value outweighed by undue prejudice |
| P | Priveleged |
| "1" | All objections |
| "2" | No objections |
| "3" | All objections except Authenticity |
| "4" | Other (including lack of predicate, etc.) |

---

| **DEFENDANTS' EXHIBITS** | **OBJECTIONS** |
|---|---|
| 1. All Interrogatory Answers and attachments thereto. | 3 |

1

| | | |
|---|---|---|
| 2. | All Response to Requests to Produce and attachments thereto. | 3 |
| 3. | Exerpts from all depositions in the case and attachments thereto. | 2 |
| 4. | All Exhibits listed by Plaintiff in his Exhibit List. | 2 |
| 5. | Excerpts of Medical reports from St. Mary's Hospital. | 2 |
| 6. | All records of Clerk of the Circuit Court of the 15th Judicial Circuit of Florida in and for Palm Beach County, Case No. 94-2039CF A99 | 1 |
| 7. | All records of Clerk of the Circuit Court of the 15th Judicial Circuit of Florida in and for Palm Beach County, Case No. 78-1923 CF A02 | 1 |
| 8. | All applicable laws, ordinances, rules and regulations of City of Riviera Beach. | 1 |
| 9. | All applicable City of Riviera Beach personnel rules and regulations | 1 |
| 10. | Photographs of Plaintiff. | 1 |
| 11. | Photographs of the burglary scene. | 1 |
| 12. | Photographs of area of arrest. | 1 |
| 13. | City of Riviera Beach Police Dept.'s training records of James Wheeler, William Cushing, and K-9 "MERKO." | 1 |

2

| | | |
|---|---|---|
| 14. | City of Riviera Beach Police Dept.'s curriculum of training programs. | 1 |
| 15. | Departmental organization chart for City of Riviera Beach Police Dept. | 1 |
| 16. | Florida Dept. of Law Enforcement training records for James Wheeler and William Cushing. | 1 |
| 17. | Police Academy and subsequent scholastic and in-service training records for James Wheeler and William Cushing. | 1 |
| 18. | Affidavits in support of probable cause for arrest of Plaintiff and all related police incident reports and forms related to Plaintiff's arrest by all police officers. | 1 |
| 19. | City of Riviera Beach Police Dept. manuals on policy and procedure relating to K-9 usage. | 1 |
| 20. | Metro-Dade Police Dept. standard operating procedures | 1 |
| 21. | Rebuttal Exhibits | 1 |
| 22. | Impeachment Exhibits | 1 |

f:\wpdocs\marva\priester\exhibit.lis

3