

FILED BY _____ D.C.
97 JAN 27 PM 1:54
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION



FILED by _____ D.C.
INTAKE
MAR 1 ; 1997
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. • W.P.B.

WILLIE LEE PRIESTER,

    Plaintiff,

vs.

CITY OF RIVIERA BEACH, a FLORIDA,
Municipality, JERRY POREBA, City of
Riviera Beach Police Chief, Police Sergeant, CUSHING,
and Police Officer JAMES A. WHEELER,

    Defendants.
_____/

CASE NO.: 96-8205-CIV-RYSKAMP
MAGISTRATE JUDGE SORRENTINO

FILED by _____ D.C.
INTAKE
MAR 1 8 1997
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. • W.P.B.

**PLAINTIFF'S FIRST AMENDED
COMPLAINT**

Plaintiff WILLIE PRIESTER sues defendants CITY OF RIVIERA BEACH, a Florida Municipality, JERRY POREBA, City of Riviera Beach Chief of Police, City of Riviera Beach Police Sergeant CUSHING, and City of Riviera Beach Police Officer JAMES A. WHEELER and states:

### INTRODUCTION

1.    This action challenges City of Riviera Beach's policies and practices in failing to train handlers to allow canines to bite suspects only on direct command or if

REC'D by _____ D.C.
INTAKE
JAN 2 8 1997
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. • W.P.B.



attacked, allowing canines to bite persons suspected of misdemeanors and other non-violent felonies. This action further challenges Police Chief Poreba, Sergeant Cushing and Officer J.A. Wheelers' malicious prosecution, battery, use of unreasonable force, and false arrest and imprisonment of Willie Priester, as well as the negligent supervision of the defendants.

## PARTIES

2. Plaintiff WILLIE PRIESTER ("Priester") is an adult resident of Palm Beach County, Florida.

3. Defendant OFFICER WHEELER ("Wheeler") is an adult employee of the City of Riviera Beach Police Department, sued herein in his individual and official capacity. He is the handler for the police dog "Merko", which is owned by the City of Riviera Beach, Florida.

4. Defendant POLICE SERGEANT CUSHING is an adult employee of the City of Riviera Police Department, sued herein in his individual and official capacity. He is the officer who first arrived on the scene at the vicinity of Military Trail and 45th Street in the City of Riviera Beach and summoned a K-9 to the scene.

5. Defendant CITY OF RIVIERA BEACH ("City") is a Florida municipal corporation.

6. Defendant JERRY POREBA is the Chief of Police for Defendant City of Riviera Beach, sued herein in his individual and official capacity. He is responsible for overseeing and supervising the training and supervision of Defendants Cushing and Wheeler and for taking any corrective action needed against them.

7. All acts material to this action occurred in Palm Beach County, Florida.

8. At all times material hereto, Poreba, Cushing, Wheeler and City's police dog "Merko" acted under color of state law, pursuant to the policies, customs, and practices of the City of Riviera Beach, Florida, which caused the constitutional deprivations alleged herein, and within Poreba's, Wheeler's and Cushing's scope of employment as Chief of Police, Police Officer and Sergeant respectively for the City of Riviera Beach.

## JURISDICTION

9. This Court has jurisdiction of the federal claims pursuant to 28 U.S.C. § 1331 and § 1343 and 42 U.S.C. § 1983. This Court has supplemental jurisdiction over the state law and constitutional claims pursuant to 28 U.S.C. § 1367. The federal and state claims arise out of a common nucleus of operative facts and the same evidence will establish both the federal and state claims.

10. Attorney's fees are sought pursuant to 42 U.S.C. § 1988.

## VENUE

11. Venue is proper in the United States District Court for the Southern District of Florida as all material acts occurred in Palm Beach County, Florida.

## FACTS

12. On or about February 22, 1994, Mr. Priestly was in the vicinity of Military Trail and 45th Street, in the City of Riviera Beach, sitting on the edge of a canal.

13. Plaintiff observed Officer Wheeler and Sergeant Cushing approaching the Plaintiff, leading a large German Shepard dog on a leash. As the Defendants approached

Plaintiff, they could hear him crying. Officer Wheeler ordered Plaintiff to lie down on the ground. After Plaintiff had complied, Officer Wheeler commanded Merko to attack the Plaintiff. Merko then bit the Plaintiff numerous times on the left leg, causing severe injuries.

14. Plaintiff attempted to protect himself by kicking Merko, at which point, Officer Wheeler placed a gun to Plaintiff's head and threatened to "blow" his brains off.

15. Plaintiff begged Officer Wheeler to call off Merko, but the Defendant refused, commanding the dog to continue biting Plaintiff.

16. At this point, and after having allowed Merko to bite the Plaintiff repeatedly, Sergeant Cushing handcuffed the Plaintiff and ordered him to stand. Plaintiff, who was unable to stand, was then dragged a few feet by the Defendants.

17. In excruciating pain, Plaintiff was forced to walk to the Defendants' vehicle, and was given emergency medical treatment by paramedics. Plaintiff was then transported to St. Mary's Hospital where he received medical treatment for multiple puncture wounds as a result of the dog bites from "Merko".

18. Afterwards, Plaintiff was transported to the county jail and booked for burglary and petit theft.

19. On or about March 22, 1994, the State took No Action on the case against Plaintiff for burglary and petit theft. Therefore, no formal charges were ever filed against the Plaintiff.

20. Defendants City of Riviera Beach and Poreba knew or should have known of defendant WHEELER'S and CUSHING'S dangerous propensities, including their

use of excessive force towards a prisoner without cause and untruthful statements in connection with that use of force.

## COUNT I

### (Intentional Battery as to WHEELER)

21. Plaintiff realleges and adopts by reference the allegations contained in paragraphs 1 through 19, as if more fully set forth herein.

22. On or about February 22, 1994, WHEELER did intentionally, and with wanton, reckless, and wilful disregard for the rights or safety of Mr. Priestly, allow his police dog "Merko" to violently attack Mr. Priestly without provocation, while Mr. Priestly put his hands in the air, in an effort to surrender himself. Thereby causing serious injuries to Mr. Priestly's person.

23. WHEELER committed this act with the express intention to cause physical harm and damage to Mr. Priestly and did so without legal justification and against the will of Mr. Priestly.

24. As a result thereof, Mr. Priestly suffered physical and psychological injury accompanied by prolonged physical pain.

25. All of the damages sustained by Mr. Priestly as a result of this battery are continuing to this day and are likely to continue in the future.

WHEREFORE, Plaintiff demands judgment against defendant WHEELER for compensatory damages, punitive damages, and costs of this action.

## COUNT II

### (42 U.S.C. § 1983 as to WHEELER)

26. Plaintiff realleges and adopts by reference the allegations contained in paragraphs 1 through 19, as if more fully set forth herein.

27. Priestly's arrest for burglary and petit theft was without probable cause, and the force used was excessive, and unreasonable under the circumstances, all in violation of Mr. Priestly's Fourth and Fourteenth Amendment rights under the United States Constitution.

28. 42 U.S.C. § 1983 provides a remedy for violation of these rights.

WHEREFORE, Plaintiff demands judgment against defendant WHEELER for compensatory damages, punitive damages, attorney's fees and costs of this action.

## COUNT III

### (False Arrest and Imprisonment as to WHEELER)

29. Plaintiff realleges and adopts by reference the allegations contained in paragraphs 1 through 19, as if more fully set forth herein.

30. On or about February 22, 1994, WHEELER arrested Mr. Priestly for Burglary and Petit Theft, deprived him of his freedom and liberty, and restrained him in his movements.

31. That arrest was without the consent of Mr. Priestly, against his will, and not based upon a warrant or other judicial process.

32. As a result of that arrest, Mr. Priestly suffered damages including past, present, and future physical and emotional distress and trauma, embarrassment, humiliation

and shame which exist to this day and will continue in the future.

WHEREFORE, Plaintiff demands judgment against defendant WHEELER for compensatory damages, attorney's fees, and costs of this action.

## COUNT IV

### (Malicious Prosecution as to WHEELER)

33. Plaintiff realleges and adopts by reference the allegations contained in paragraphs 1 through 19, as if more fully set forth herein.

34. WHEELER caused a prosecution to be instituted against Mr. Priestly on the charge of Burglary and Petit Theft, Case No.94-02039-CF A99

35. At the time the prosecution for Resisting Arrest Without Violence was instituted against Mr. Priestly, there was insufficient evidence to warrant a reasonable police officer to believe that Mr. Priestly had committed Burglary and Petit Theft.

36. WHEELER acted with malice in instituting this prosecution which is implied by the lack of probable cause in the underlying arrest, the reckless disregard for the rights of Mr. Priestly, and his personal animosity and hostility towards Mr. Priestly. Further, WHEELER made material misstatements of fact in support of the prosecution.

37. As additional evidence of malice, WHEELER caused the prosecution against Mr. Priestly in an attempt to cover-up or justify the personal injury caused Mr. Priestly by WHEELER and his police dog "Merko" as alleged in previous counts of this complaint.

38. No prosecution of Mr. Priestly would have occurred but for the actions of

WHEELER. The Burglary and Petit Theft charges were resolved in favor of Mr. Priestly by a No Action entered on March 22, 1994. See Exhibit A.

39. The fact of Mr. Priestly's prosecution became known to many persons as a result of being made part of the public records of Palm Beach County and appearing on court documents available to public scrutiny.

40. As a result of the actions of WHEELER, Mr. Priestly suffered emotional anguish and suffering and embarrassment, all of which continue to this day and are likely to continue in the future.

WHEREFORE, Plaintiff demands judgment against defendant WHEELER for compensatory damages.

## COUNT V

### (Intentional Battery as to CUSHING)

41. Plaintiff realleges and adopts by reference the allegations contained in paragraphs 1 through 19, as if more fully set forth herein.

42. On or about February 22, 1994, CUSHING did intentionally, and with wanton, reckless, and wilful disregard for the rights or safety of Mr. Priestly, allow police dog "Merko" to violently attack Mr. Priestly without provocation, while Mr. Priestly put his hands up in the air, in an effort to surrender himself thereby causing serious injuries to Mr. Priestly's person.

43. CUSHING committed this act with the express intention to cause physical harm and damage to Mr. Priestly and did so without legal justification and against the will of Mr. Priestly.

44. As a result thereof, Mr. Priestly suffered physical and psychological injury accompanied by prolonged physical pain.

45. All of the damages sustained by Mr. Priestly as a result of this battery are continuing to this day and are likely to continue in the future.

WHEREFORE, Plaintiff demands judgment against defendant CUSHING for compensatory damages, punitive damages, and costs of this action.

## COUNT VI

### (42 U.S.C. § 1983 as to CUSHING)

46. Plaintiff realleges and adopts by reference the allegations contained in paragraphs 1 through 19, as if more fully set forth herein.

47. Mr. Priestly's arrest for burglary and petit theft was without probable cause, and the force used was excessive, and unreasonable under the circumstances, all in violation of Mr. Priestly's Fourth and Fourteenth Amendment rights under the United States Constitution.

48. 42 U.S.C. § 1983 provides a remedy for violation of these rights.

WHEREFORE, Plaintiff demands judgment against defendant CUSHING for compensatory damages, punitive damages, attorney's fees and costs of this action.

## COUNT VII

### (False Arrest and Imprisonment as to CUSHING)

49. Plaintiff realleges and adopts by reference the allegations contained in paragraphs 1 through 19, as if more fully set forth herein.

50. On or about February 22, 1994, CUSHING arrested Mr. Priestly for Burglary and

        Petit Theft, deprived him of his freedom and liberty, and restrained him in his movements.

51. That arrest was without the consent of Mr. Priestly, against his will, and not based upon a warrant or other judicial process.

52. As a result of that arrest, Mr. Priestly suffered damages including past, present, and future physical and emotional distress and trauma, embarrassment, humiliation and shame, which exist to this day and will continue in the future.

WHEREFORE, Plaintiff demands judgment against defendant CUSHING for compensatory damages, attorney's fees, and costs of this action.

## COUNT VIII

### (Malicious Prosecution as to CUSHING)

53. Plaintiff realleges and adopts by reference the allegations contained in paragraphs 1 through 19, as if more fully set forth herein.

54. CUSHING caused a prosecution to be instituted against Mr. Priestly on the charge of Burglary and Petit Theft, Case No. 94-02039-CF A99

55. At the time the prosecution for Resisting Arrest Without Violence was instituted against Mr. Priestly, there was insufficient evidence to warrant a reasonable police officer to believe that Mr. Priestly had committed Burglary and Petit Theft.

56. CUSHING acted with malice in instituting this prosecution which is implied by the lack of probable cause in the underlying arrest, the reckless disregard for the rights of Mr. Priestly, and his personal animosity and hostility towards Mr. Priestly. Further, CUSHING made material misstatements of fact in support of the

prosecution.

57. As additional evidence of malice, CUSHING caused the prosecution against Mr. Priestly in an attempt to cover-up or justify the personal injury caused Mr. Priestly by CUSHING and police dog "Merko" as alleged in previous counts of this complaint.

58. No prosecution of Mr. Priestly would have occurred but for the actions of CUSHING. The Burglary and Petit Theft charges were resolved in favor of Mr. Priestly by a No Action entered on March 22, 1994. See Exhibit A.

59. The fact of Mr. Priestly's prosecution became known to many persons as a result of being made part of the public records of Palm Beach County and appearing on court documents available to public scrutiny.

60. As a result of the actions of CUSHING, Mr. Priestly suffered emotional anguish and suffering and embarrassment, all of which continue to this day and are likely to continue in the future.

WHEREFORE, Plaintiff demands judgment against defendant CUSHING for compensatory damages.

## COUNT IX

### (Negligent Supervision as to CUSHING)

61. Plaintiff realleges and adopts by reference the allegations contained in paragraphs 1 through 19, as if more fully set forth herein.

62. Defendant CUSHING owed a duty to the Plaintiff to supervise WHEELER in order to prevent a violation of the law.

11

63. Plaintiff states that CUSHING, who had supervisory authority over WHEELER, breached his duty by failing to adequately supervise him to prevent the actions described in paragraphs 13-19 of this Complaint.

64. As a direct, natural and foreseeable, and proximate result of the actions or inaction of CUSHING, Plaintiff has suffered injuries, including mental pain and suffering, which injuries are continuing and permanent in nature.

WHEREFORE, Plaintiff demands judgment against the Defendant CUSHING for compensatory damages, and costs of this action.

## COUNT X

### (Intentional Battery as to POREBA)

65. Plaintiff realleges and adopts by reference the allegations contained in paragraphs 1 through 19, as if more fully set forth herein.

66. On or about February 22, 1994, POREBA did intentionally, and with wanton, reckless, and wilful disregard for the rights or safety of Mr. Priestly, allow his police dog "Merko" to violently attack Mr. Priestly without provocation, while Mr. Priestly's hands were up in the air, in an effort to turn himself in, thereby causing serious injuries to Mr. Priestly's leg.

67. POREBA committed this act with the express intention to cause physical harm and damage to Mr. Priestly and did so without legal justification and against the will of Mr. Priestly.

68. As a result thereof, Mr. Priestly suffered physical and psychological injury accompanied by prolonged physical pain.

12

69. All of the damages sustained by Mr. Priestly as a result of this battery are continuing to this day and are likely to continue in the future.

WHEREFORE, Plaintiff demands judgment against defendant POREBA for compensatory damages, punitive damages, and costs of this action.

## COUNT XI

### (42 U.S.C. § 1983 as to POREBA)

70. Plaintiff realleges and adopts by reference the allegations contained in paragraphs 1 through 19, as if more fully set forth herein.

71. Mr. Priestly's arrest for burglary and petit theft was without probable cause, and the force used was excessive, and unreasonable under the circumstances, all in violation of Mr. Priestly's Fourth and Fourteenth Amendment rights under the United States Constitution.

72. 42 U.S.C. § 1983 provides a remedy for violation of these rights.

WHEREFORE, Plaintiff demands judgment against defendant POREBA for compensatory damages, punitive damages, attorney's fees and costs of this action.

## COUNT XII

### (False Arrest and Imprisonment as to POREBA)

73. Plaintiff realleges and adopts by reference the allegations contained in paragraphs 1 through 19, as if more fully set forth herein.

74. On or about February 22, 1994, POREBA arrested Mr. Priestly for Burglary and Petit Theft, deprived him of his freedom and liberty, and restrained him in his

movements.

75. That arrest was without the consent of Mr. Priestly, against his will, and not based upon a warrant or other judicial process.

76. As a result of that arrest, Mr. Priestly suffered damages including past, present, and future physical and emotional distress and trauma, embarrassment, humiliation, shame, and damage to his good name and reputation which exists to this day and will continue in the future.

WHEREFORE, Plaintiff demands judgment against defendant POREBA for compensatory damages, attorney's fees, and costs of this action.

## COUNT XIII

### (Malicious Prosecution as to POREBA)

77. Plaintiff realleges and adopts by reference the allegations contained in paragraphs 1 through 19, as if more fully set forth herein.

78. POREBA caused a prosecution to be instituted against Mr. Priestly on the charge of Burglary and Petit Theft, Case No.94-02039-CF A99

79. At the time the prosecution for Resisting Arrest Without Violence was instituted against Mr. Priestly, there was insufficient evidence to warrant a reasonable police officer to believe that Mr. Priestly had committed Burglary and Petit Theft.

80. POREBA acted with malice in instituting this prosecution which is implied by the lack of probable cause in the underlying arrest, the reckless disregard for the rights of Mr. Priestly, and his personal animosity and hostility towards Mr. Priestly. Further, POREBA made material misstatements of fact in support of the

prosecution.

81. As additional evidence of malice, POREBA caused the prosecution against Mr. Priestly in an attempt to cover-up or justify the personal injury caused Mr. Priestly by POREBA and his police dog "Merko" as alleged in previous counts of this complaint.

82. No prosecution of Mr. Priestly would have occurred but for the actions of POREBA. The Burglary and Petit Theft charges were resolved in favor of Mr. Priestly by a No Action entered on March 22, 1994. See Exhibit A.

83. The fact of Mr. Priestly's prosecution became known to many persons as a result of being made part of the public records of Palm Beach County and appearing on court documents available to public scrutiny.

84. As a result of the actions of POREBA, Mr. Priestly suffered emotional anguish and suffering, embarrassment, and damage to his reputation, all of which continue to this day and are likely to continue in the future.

WHEREFORE, Plaintiff demands judgment against defendant POREBA for compensatory damages.

## COUNT XIV

### (Negligent Supervision as to POREBA)

85. Plaintiff realleges and adopts by reference the allegations contained in paragraphs 1 through 19, as if more fully set forth herein.

86. Defendant POREBA owed a duty to the Plaintiff to supervise WHEELER and CUSHING in order to prevent a violation of the law.

15

87. Plaintiff states that POREBA, who had supervisory authority over WHEELER, and CUSHING breached his duty by failing to adequately supervise them to prevent the actions described in paragraphs 13-19 of this Complaint.

88. As a direct, natural and foreseeable, and proximate result of the actions or inaction of POREBA, Plaintiff has suffered injuries, including mental pain and suffering, which injuries are continuing and permanent in nature.

WHEREFORE, Plaintiff demands judgment against the Defendant POREBA for compensatory damages, and costs of this action.

### COUNT XV

### (42 U.S.C. § 1983 as to City of Riviera Beach)

89. Plaintiff realleges and adopts by reference the allegations contained in paragraphs 1 through 19, as if more fully set forth herein.

90. At all material times hereto POREBA, WHEELER and CUSHING were acting pursuant to defendant City of Riviera Beach's policies and practices with respect to handling police canines, policies which were the moving force for the constitutional violations alleged herein.

91. The policies and practices complained of include, but are not limited to, the following:

(a) Deliberate indifference in failing to train handlers to allow canines to bite suspects only on direct command or if attacked;

(b) Deliberate indifference in failing to properly train canines with their

handlers for a reasonable period of time before placing them on the streets;

 (c) Deliberate indifference in failing to properly train officers to familiarize themselves with canines before being assigned duties;

 (d) Allowing canines to bite individuals suspected of misdemeanors and nonviolent felonies;

 (e) Deliberate indifference in failing to train handlers to remove biting canines immediately from suspects; and,

 (f) Encouraging an atmosphere of lawlessness and violence in connection with the use of canines.

92. Such a failure constitutes a custom, policy and practice of deliberate indifference in training police officers to control their dogs.

93. At all times material hereto, the City and WHEELER were acting under color of state law.

94. Defendant City of Riviera Beach, by and through its agents, servants or employees, breached its duty and/or duties by failing to use reasonable force in the arrest of Mr. Priestly and instead used unreasonable and unnecessary force, and by failing to otherwise supervise and discipline defendant WHEELER.

95. As a result of these acts of defendants WHEELER and City of Riviera Beach, the plaintiff, Mr. Willie Priestly, suffered bodily injury and resulting pain and suffering, mental anguish, medical treatment, loss of earnings, loss of ability to earn money, and may have suffered an aggravation of a previously existing condition. These injuries are either permanent or continuing in nature and Mr.

Priestly will suffer the losses and impairment in the future.

## COUNT XVI

### (Negligent Supervision as to CITY OF RIVIERA BEACH)

96. Plaintiff realleges and adopts by reference the allegations contained in paragraphs 1 through19, as if more fully set forth herein.

97. Defendant POREBA owed a duty to the Plaintiff to supervise WHEELER and CUSHING in order to prevent a violation of the law.

98. Plaintiff states that POREBA, who had supervisory authority over WHEELER, and CUSHING breached his duty by failing to adequately supervise them to prevent the actions described in paragraphs 13-19 of this Complaint.

99. As a direct, natural and foreseeable, and proximate result of the actions or inaction of POREBA, Plaintiff has suffered injuries, including mental pain and suffering, which injuries are continuing and permanent in nature.

WHEREFORE, Plaintiff demands judgment against the Defendant POREBA for compensatory damages, and costs of this action.

WHEREFORE, Plaintiff respectfully requests that this court:

(a) award compensatory damages;

(b) award such additional or alternative relief as may be just, proper and equitable; and

(c) award reasonable attorney's fees and costs to plaintiff's attorney.

## COUNT XVII

### (Negligence as to City of Riviera Beach)

100. Plaintiff realleges and adopts by reference the allegations contained in paragraphs

18

1 through 19, as if more fully set forth herein.

101. Defendant City had a duty to control its police dogs in a reasonable manner. he City acted unreasonably when it breached its duty of care owed to Mr. Priestly.

102. As result of the City's unreasonable conduct of its employees POREBA, WHEELER, CUSHING and dog "Merko", Mr. Priestly sustained permanent injures.

103. All of the damages sustained by Mr. Priestly as a result of this negligence are continuing to this day and are likely to continue in the future.

WHEREFORE, Plaintiff demands judgment against defendant CITY OF RIVIERA BEACH for compensatory damages, and costs of this action.

WHEREFORE, Plaintiff respectfully requests that this court:

(a) award compensatory damages;

(b) award such additional or alternative relief as may be just, proper and equitable; and

(c) award reasonable attorney's fees and costs to plaintiff's attorney.

Respectfully submitted,

_____
CRISTINA SAENZ, ESQUIRE
FBN 0001627
Counsel for Plaintiff
SAENZ & RIBERO-AYALA, P.A.
Coral Gables Financial Center, PH501
Coral Gables, Florida 33134
(305) 446-1668
Fax: (305) 446-1551

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Plaintiff's First Amended Complaint was sent via first class U.S. Mail to Jacob A. Rose, The Rose Law Firm, P.A., Counsel for Defendants, 215 Fifth Street, Suite 305, Flagler Court Building, West Palm Beach, Florida 33401 on this the 27th day of January, 1997.

_____
CRISTINA SAENZ, ESQ.