UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**Northern Division**

WILLIE PRIESTER,

    Plaintiff,

vs.

                              CASE NO.: 96-8205-CIV-RYSKAMP
                              Magistrate Judge: Sorrentino

CITY OF RIVIERA BEACH,
et al.,

    Defendants.
_____/

## DEFENDANTS' SUPPLEMENTAL TRIAL MEMORANDUM OF LAW

Defendants hereby submit the following in support of their position that a prospective Motion under Fed.R.Civ. P. 58 would be appropriate in this case.

**I.    CLAIMS AGAINST THE CITY OF RIVIERA BEACH**

In its initial Memorandum of Law, Defendants argued that liability against Defendant City of Riviera Beach (hereinafter referred to as "The City"), could not lie under Count XV of Plaintiff's Amended Complaint in that there would be no evidence to establish a custom or policy of The City acting with deliberate indifference or careless disregard of the constitutional or federal statutory rights of Plaintiff. Defendants also argued that The City would not be liable under Counts XVI and XVII, on the negligence claim, due to the discretionary function and the public duty doctrine exceptions.

Defendants now supplement their position of no liability against The City on the negligence claims since The City could only be liable derivetively, and the acts which formed the basis for Plaintiff's claims are intentional torts.



Fla. Stat., § 768.28(9)(a) provides in pertinent part:

> The State or its subdivions shall not be liable in tort for the acts or omissions of an officer, employee, or agent ... committed in bad faith or with <u>malicious purpose</u> or in a manner exhibiting <u>wanton</u> and <u>willful</u> disregard of human rights, safety, or property ... (emphasis added). Thus, despite the general waiver of sovereign immunity embodied in the statute, the City maintains its immunity from both intentional and negligent tort liability where, as alleged by Plaintiff in the present case, the acts of the City's employees were committed maliciously or with willful disregard of his rights. <u>Kamanesh v. City of Miami</u>, So. 72 F. Supp 583, 595 (S. D.Fla. 1991).

## II.   <u>COUNT VI (42 U.S.C. § 1983 CLAIM AS TO CUSHING)</u>

In addition to the reasons stated in Defendant's Trial Memorandum of Law, Section 2(b) that a § 1983 claim would not be proven with or without qualified immunity, Defendant submits that, as with a local government defendant, a supervisor cannot be held liable under § 1983 on a *respondeat superior* basis, <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658, 694 n58 (1978). As Plaintiff will testify that Officer Cushing committed no supposed direct acts against him except that he was present with a flashlight, Officer Cushing's liability under § 1983 is guided by <u>Greason v. Kemp</u>, 891 F.2d 829 (11th Cir. 1990), where the court found that the Supreme Court's analysis in <u>City of Canton v. Harris</u>, 489 U.S. 378 (1989), provided a helpful analogy in determining whether a supervisory official was deliberately indifferent. The court held that a three-prong test must be applied in determining a supervisor's liability: "(1) whether in failing adequately to train and supervise subordinates, he was deliberately indifferent to an inmate's mental health care need; (2) whether a reasonable person in the supervisor's position would know that a failure to train and supervise reflected deliberate indifference; and (3) whether his conduct was causally related to the constitutional infringement by his subordinate." 891 F.2d at 836-37.

Count VI of Plaintiff's Complaint will, therefore, fail.

2

### III. COUNTS IV AND VIII (MALICIOUS PROSECUTION AS TO WHEELER AND CUSHING)

Defendants argued in their initial submission that Plaintiff was not subjected to prosecution because of the bill of "no action" in Case No. 94-02039-CF A99.

In addition to that, Defendants submit that Plaintiff will not be able to establish two of the elements that are necessary to avail in his malicious prosecution claims. He must establish that: (1) an original criminal or civil proceeding against him was commenced or continued; (2) that Officers Wheeler and Cushing were the legal cause of the legal proceeding against him; (3) that termination of the original proceedings constituted a bona fide termination of that proceeding in his favor; (4) **that there was an absence of probable cause for the original proceeding**; (5) **there was malice on the part of the present Defendants**; and (6) the Plaintiff suffered damages as a result of the original proceeding. Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352, 1353 (Fla. 1994).

Since the failure of a Plaintiff to establish any one of the six elements would be fatal to a claim of malicious prosecution, these claims will fail since not only was there a judicial determination of probable cause in the original proceeding, but there is not evidence which will indicate malice. Probable cause for malicious prosecution purposes means that a criminal proceeding was initiated without a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that a person accused is guilty of the offense with which he is charged. Goldstein v. Sabella, 88 So.2d 910, 911 (Fla. 1956).

For malice to be shown, it must be established upon a showing of gross misconduct or willful and wanton disregard of Plaintiff's rights, Adams v. Whitfield, 290 So.2d 49 (Fla. 1974).

For the reasons cited herein and in Defendants' initial Memorandum of Law, Plaintiff's claim will fail.

IV. **PRIVILEGE OF LAW ENFORCEMENT OFFICER**

There will be no evidence to rebut the affirmative defense of privilege in this case. The justifiable use of force by a police officer in arresting a felon is a complete defense to an allegation of assault and battery by a law enforcement officer. Of course, the privilege applies where the Defendants are law enforcement officers, the arrest was lawful, and the force used was the quantum that the officers reasonably believed was necessary to execute their responsibilities. O'Brien v. Food Fair Stores, N. Dade, Inc., 155 So.2d 836 (Fla. 3d DCA 1963); City of Miami v. Nelson, 186 So.2d 535 (Fla. 3d DCA 1996) and § 776.05 Fla. Stat. (1991).

Respectfully submitted,

THE ROSE LAW FIRM, P.A.
Counsel for Defendants
215 Fifth Street - Suite 305
West Palm Beach, FL 33401
Tel: (561) 655-5113
Fax: (561) 833-4017

By: _____
JACOB A. ROSE
FLORIDA BAR NO. 212202

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Defendants' Supplemental Trial Memorandum of Law has been furnished by hand delivery this 24th day of March 1998 to: Cristina Saenz, Esq., SAENZ & ASSOCIATES, P.A., 6780 Coral Way, Miami, FL 33155, and Hosey Hernandez, Esq., 2701 S. Bayshore Drive, #602, Miami, FL 33133.

_____
JACOB A. ROSE

4