

FILED by ___ D.C.

JUL 1 _ 1998

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.O. OF FLA. - W.P.B.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 96-8205-CIV-RYSKAMP

WILLIE PRIESTER,

       Plaintiff,

v.

Police Sergeant WILLIAM
CUSHING and Police Officer
JAMES A. WHEELER,

       Defendants.

_____/

**OMNIBUS ORDER**

      THIS CAUSE came before the Court upon the defendants' motions for new trial **[DE-97]** and for judgment as a matter of law **[DE-98]**, the plaintiff's motion to strike **[DE-99]**, the plaintiff's motion for attorneys' fees **[DE-101]**, and the defendant Riviera Beach's motion for attorney's fees **[DE-106]**. The motions have either been fully briefed or the time to brief the issues has expired.

## I. BACKGROUND

      During March 1998, this Court presided over a three day jury trial in the above-styled case. At trial, the following facts were established. On February 22, 1994, Police Sergeant William Cushing ("Cushing") responded to a police call in reference to a burglar alarm at the Z-Range Golf Shop in Riviera Beach, Florida. Upon arrival, Cushing observed that the door had been broken open and snack products, beverages, and golf equipment appeared to have been taken. Cushing exited the shop and discovered several footprints leading to a fence on



Page 2                                  **UNITED STATES DISTRICT COURT**
                                        **SOUTHERN DISTRICT OF FLORIDA**

the south property line of the business.  It appeared that someone had lifted or pulled the fence up and slid underneath.  Just outside the fence line where someone crawled under, several packages of unopened candy and Lance brand peanut packages like those sold at the Z-Range snack shop were lying on the ground.  There was a fresh footprint heading east into the woods just outside the fence line.  Cushing summoned a canine unit to track the scent.

Soon thereafter, Officer Wheeler ("Wheeler") and his canine partner Merko ("Merko") arrived at the scene.  After Wheeler determined that the footprint had not been contaminated, he deployed Merko at the footprint and packages of wrappers by the fence.  Approximately twenty minutes later, Merko led the officers to the plaintiff, Willie Priester ("Priester").  What happened next is disputed.

The police officers contend that Merko led the officers into foliage in a hollowed out part of the woods that appeared to be giving shelter to a homeless person.  Wheeler observed a large piece of cardboard, a cup, and an empty pack of Lance crackers on the ground.  Merko pulled Wheeler down the canal embankment – a 45 degree slope.  Cushing then turned on his flashlight and saw something red hidden in the bushes in the canal which he thought might be a golf bag or knapsack.  Cushing asked Wheeler, "What's at your feet?," a second or two before Merko apprehended Priester who, wearing a read shirt, was the red object laying in the canal.  Wheeler stated that Priester "appeared to be like a red rag underneath some bushes and some water grass."  The only light in the area was that emanating from Cushing's flashlight.

Page 3                                    **UNITED STATES DISTRICT COURT**
                                          **SOUTHERN DISTRICT OF FLORIDA**

Merko, who is trained to bite and hold a suspect, immediately grabbed Priester by the leg. Once Wheeler and Cushing realized that Merko had apprehended the suspect, both told Priester to put his hands up and stop fighting with the dog so that Wheeler could give the dog the command to release his hold.

Priester gave the following testimony regarding his arrest. He was looking for a pay phone after his car broke down near the Z-Range. Two men standing by the bridge over the canal at which he was apprehended offered him a beer. The two men then spotted Cushing and Wheeler and ran away. Priester testified both that he ran and that he did not run from the police. He also testified both that he was on the embankment and on the bridge when he first saw the police. Whether or not he ran and whether or not he was on the embankment or bridge when he first saw the police, Priester admits that he hid from the police by lying under bushes at the bottom of the canal embankment. He hid because he was afraid: he had a beer and he was on parole.

Priester further testified that Wheeler and Merko stepped over him without touching him while he was lying in the canal. After Wheeler and Merko walked over him, Priester stood up, said nothing, and put his hands up. Then, Wheeler told Priester to lay down on the ground. Priester laid down, and Wheeler (who, according to the only testimony in the record on the subject, issues commands to his dog only in German) told Merko, "Sic'em boy, get'em." According to the hospital records of Priester's treatment, Priester received fourteen

Page 4                                   **UNITED STATES DISTRICT COURT**
                                         **SOUTHERN DISTRICT OF FLORIDA**

punctures in his leg, which is consistent with one full mouth bite or two less than full mouth bites.

After hearing the evidence, the jury found that Wheeler and Cushing used excessive force in arresting Priester. They awarded Priester $ 5,000 in compensatory damages against Cushing and Wheeler jointly and severally and $ 10,000 in punitive damages against both Cushing and Wheeler individually.

### A. Defendants' Motion for New Trial

"When ruling on a motion for a new trial, a trial judge must determine if in his opinion, the verdict is against the clear weight of the evidence . . . or will result in a miscarriage of justice." *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556 (11th Cir. 1984) (quotations omitted). The district court's discretion to set aside a jury verdict is limited. "Motions for new trials based on weight of the evidence are not favored. Courts are to grant them sparingly and with caution." *U.S. v. Cox*, 995 F.2d 1041, 1043 (11th Cir. 1993). *See Redd v. City of Phenix, Ala.*, 934 F.2d 1211, 1215 (11th Cir. 1991) (appellate court's review of district court's grant of new trial on the ground that the verdict is against the weight of the evidence is extremely stringent to protect a party's right to a jury trial).

The defendants argue that they should receive a new trial because Priester did not request a jury trial until the morning of the first day of trial and the defendants opposed the request. The defendants' request is denied because they requested a jury trial in their Answer and Affirmative Defenses **[DE-14]**.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

## B.  Defendants' Motion for Judgment as a Matter of Law

The defendants next move for judgment as a matter of law, arguing that there is no legally sufficient evidentiary basis for a reasonable jury to have found that Wheeler and Cushing used excessive force in arresting Priester.

### 1.  Officer Wheeler

There is sufficient evidence to support the jury's verdict as to Wheeler.  Viewing the evidence in the light most favorable to Priester, Wheeler ordered Priester to lay on the ground and then commanded Merko to bite Priester.  If the events are as Priester described them, and the jury obviously believed that they were, Wheeler violated Priester's clearly established constitutional rights and is not entitled to qualified immunity.  *See Horlow v. Fitzgerald*, 457 U.S. 800, 818,  102 S.Ct. 2727, 2738 (1982).

### 2.  Officer Cushing

The defendants further argue that Cushing is entitled to judgment as a matter of law on the basis of qualified immunity.  Cushing is entitled to judgment as a matter of law only if the jury's verdict is against the clear weight of the evidence.  Because Cushing did not direct Merko to bite Priester but was merely present when the biting occurred, Cushing can be liable under § 1983 only as a supervisor who failed to intervene and stop Wheeling's use of excessive force.  Supervisory liability attaches when "a reasonable person in [Cushing's] position would have known that his conduct infringed the constitutional rights of [Priester] and his conduct was causally related to the constitutional violation committed by his

Page 6                                       **UNITED STATES DISTRICT COURT**
                                             **SOUTHERN DISTRICT OF FLORIDA**

subordinate," *Gold v. City of Miami*, 121 F.3d 1442, 1447 (11th Cir. 1997). "[F]or an officer

to be liable for failing to stop police brutality, the officer must be in a position to intervene."

*Ensley v. Soper*, 142 F.3d 1402, _____, 1998 WL306559, * 4, Case No. 96-8998 (11th Cir.

Jun. 11, 1998).

   The jury's verdict against Cushing is against the clear weight of the evidence.  There

is no evidence in the record to support a conclusion that Cushing had a hand in training

Merko, had any authority over canine arrest procedures, or participated in Wheeler's use of

excessive force.  Rather, the evidence shows that Cushing's role as Wheeler's supervisor

consisted solely of the fact that Cushing was of a higher rank than Wheeler and that Wheeler

assisted Cushing in searching for and apprehending Priester.  Wheeler alone was experienced

in canine procedures.  There is no evidence to suggest that Cushing knew Wheeler was going

to order Merko to bite Priester.  Cushing was standing at least a short distance from Wheeler:

Wheeler walked down the 45 degree embankment while Cushing stood at the top of the

embankment.  Merko bit Priester immediately after Wheeler gave the command.  Merko bit

Priester once or twice.  Both Cushing and Wheeler immediately commanded Priester to put

his hands up and stop resisting the police dog so that the dog could release his hold.

   The evidence is clear that there was no way for Cushing to intervene and stop Merko

from biting Priester.  The events happened very quickly, and Cushing was standing at least

a short distance from Wheeler.  There is no evidence that Cushing was familiar with canine

commands or that Cushing could have commanded Merko to release his hold.  Based on the

Page 7                                   **UNITED STATES DISTRICT COURT**
                                         **SOUTHERN DISTRICT OF FLORIDA**

evidence, the only action that Cushing could have taken was to order Wheeler to command Merko to release his hold.  However, Merko released his hold as soon as Priester put his hands in the air.  If Cushing had ordered Wheeler to command Merko to release his hold, Cushing's order would not have resulted in Merko releasing his hold any earlier than he actually did.  Cushing was clearly not in a position to intervene, and he cannot be held liable.

### C. Plaintiff's Motion for Attorneys' Fees

Pursuant to 42 U.S.C. §§ 1983, 1988, Priester's attorneys seek an award of attorneys' fees and costs totaling $62,598.05.  The defendants do not object to Priester's entitlement to fees; however, they do object to the amount of fees and costs.  Priester has not replied.

Priester is entitled to an award of fees in this § 1983 action because he prevailed on his § 1983 excessive force claim against Wheeling.  "[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought . . . or comparable relief through a consent decree or settlement." *Farrar v. Hobby*, 506 U.S. 103, 111, 113 S.Ct. 566, 573 (1992) (citations omitted).

The Eleventh Circuit's opinion in *Norman v. Housing Authority*, 836 F.2d 1292 (11th Cir. 1988), spells out the steps a district court must take in determining the reasonableness of requested attorney's fees.  "[T]he starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." *Id.* at 1299 (*citing Hensley v. Eckerhart*, 461 U.S. 424, 433, 103

**UNITED STATES DISTRICT COURT**
                                                       **SOUTHERN DISTRICT OF FLORIDA**

S.Ct. 1933, 1939 (1983)).   The party requesting fees bears the burden of establishing what

is the reasonable hourly rate, which is "the prevailing market rate in the relevant legal

community for similar services by lawyers of reasonably comparable skills, experience, and

reputation." *Id.* at 1299 (citations omitted).

"The next step in the computation of the lodestar is the ascertainment of reasonable

hours." *Id.* at 1301.   "[E]xcessive, redundant or otherwise unnecessary" hours should be

excluded from the amount claimed." *Id.* (citation omitted).   A district court may limit a fee

award based upon a plaintiff's limited success on the majority of his claims. *See Popham v.*

*City of Kennesaw*, 820 F.2d 1570, 1579-80 (11th Cir. 1987).   As the Eleventh Circuit stated

in *Popham*:

> if the unsuccessful and the successful claims "involve a common core of facts"
> or are "based on related legal theories," the court must compare the plaintiff's
> overall relief with the number of hours reasonably expended on the litigation.
> [*Hensley*, 461 U.S.] at 435, 103 S.Ct. at 1940.   If . . . the plaintiff obtained only
> "partial or limited success," the court may reduce the lodestar amount if it
> believes that amount is excessive in relation to the plaintiff's relief.   That
> decision rests in the discretion of the district court. *Id.* at 436-37, 103 S.Ct. at
> 1941-42.

*Popham*, 820 F.2d 1578-79.

## 1. Reasonable Rate

Priester's fee award must be reduced because the request is excessive and because

he obtained only limited success on the merits.   "The applicant bears the burden of

producing satisfactory evidence that the requested rate is in line with prevailing market

rates." *Norman*, 836 F.2d at 1299.   "Satisfactory evidence at a minimum is more than the

Page 9                                     **UNITED STATES DISTRICT COURT**
                                           **SOUTHERN DISTRICT OF FLORIDA**

affidavit of the attorney performing the work. . . . satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits" *Id.* Additionally, "[t]he parties ought to provide the court with a range of market rates for lawyers of different skill levels (perhaps as measured by quality and quantity of experience) involved in similar cases with similar clients." *Id.* at 1300. "The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (citation omitted). Thus, "[w]here documentation is inadequate, the district court is not relieved of its obligation to award a reasonable fee, but the district court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing." *Id.* (citing *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939.)

Mr. Hernandez' and Ms. Saenz' evidence of their hourly rates is slim. Mr. Hernandez, a sole practitioner who has been practicing law for eight years and who usually bills and is paid between $ 250-300/ hour, seeks $ 250/hour. Mr. Hernandez' trial experience in constitutional litigation appears to be limited to co-trying one previous case. Ms. Saenz, a sole practitioner who has been practicing law for four years and who normally requests $ 200/hour in these kinds of cases, seeks $ 200/hour. Plaintiff's expert states that attorneys of Mr. Hernandez' level of experience at his firm are billed at between $250.00 and $300.00/hour and that attorneys of Ms. Saenz' level of experience

**UNITED STATES DISTRICT COURT**
                                                   **SOUTHERN DISTRICT OF FLORIDA**

at his firm are billed at between $ 150.00 and $ 175.00.  The defendants argue that both

Mr. Hernandez' and Ms. Saenz' hourly rates are too high.  However, they present no

affidavits in support of their position.

    The Court agrees that the rates sought by Mr. Hernandez and Ms. Saenz are too

high.  A review of the pleadings (most notably, the 17 count complaint drafted by Ms.

Saenz and the plaintiff's motion to strike defendants' motion for judgment as a matter of

law as untimely filed) indicate that Ms. Saenz' experience and skill is insufficient to

warrant a $ 200/hour rate.  However, the Court has no evidence at all regarding Mr.

Hernandez' and Ms. Saenz' experience in § 1983 or similar litigation or the rates that the

attorneys usually charge in such cases.  The Court is hesitant to set an hourly rate without

more evidence regarding the attorneys' experience and will require them to submit

supplemental evidence on the issue.  The Court refers the parties to *Norman, supra,*

*Loranger v. Stierheim*, 10 F.3d 776 (11th Cir. 1994) (awarding $ 90/hour for Dade

County attorney), and *Davis v. Locke*, 936 F.2d 1208, 1215 (11th Cir. 1991) (awarding $

150/hour for Southern District of Florida attorney).

    The defendants further argue that Mr. Hernandez and Ms. Saenz should not receive

their full hourly rate for hours billed while traveling. The Eleventh Circuit has not

adopted the defendants' position, and this Court has rejected it.  In *Johnson v. University*

*College of the Univ. of Alabama in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983),

*cert. denied*,  464 U.S. 994 (1983), the Eleventh Circuit noted that "the exclusion of

Page 11                                    **UNITED STATES DISTRICT COURT**
                                           **SOUTHERN DISTRICT OF FLORIDA**

out-of-town counsel's travel time is proper only if it was unreasonable not to hire

qualified local counsel." *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla.

1996) (Ryskamp, J) (awarding travel time at usual hourly rate), *aff'd*, 109 F.3d 771 (11th

Cir. 1997). *See also Gay Lesbian Bisexual Alliance v. Sessions*, 930 F. Supp. 1492, 1497

(M.D. Ala. 1996) (same).

### 2.  Excessive Hours

Although the Court will not set a fee award in this Order, it will proceed to

consider the hours that Mr. Hernandez and Ms. Saenz can reasonably recover.

Determination of reasonable hours may facilitate settlement of the parties' fee disputes.

Priester's lead attorney, Hosey Hernandez, seeks to recover fees for 111.7 hours billed

and Priester's other attorney, Cristina Saenz, seeks to recover for 152.9 hours billed.  Mr.

Hernandez and Ms. Saenz billed 102.2 hours for identical entries such as attending

depositions, reviewing the defendants' mediation summary, trial, and trial preparation.

This case was not a difficult one.  One attorney could easily have handled the case on his

or her own.  It appears that Priester is trying to recover the costs of training an attorney.

The Court will disallow all of the duplicate time entries except those for trial attendance

(24.5 hours).  Thus, the Court will decrease Ms. Saenz' hours by 77.7 hours to 75.2 hours.

The defendants next argue that Mr. Hernandez' and Ms. Saenz' hours should be

reduced based upon the fact that 15 of their 17 claims were unsuccessful.  The Court

agrees.  Priester began this action in April 1996 while in prison and litigated the action

**UNITED STATES DISTRICT COURT**
                                                        **SOUTHERN DISTRICT OF FLORIDA**

*pro se* until January 1997. His counsel filed a seventeen count first amended complaint in

March 1997 alleging: (I, V, X) intentional battery against Wheeler, Cushing, and Poreba.

(II, VI, XI, XV) § 1983 violation against Wheeler, Cushing, Poreba, and the City of

Riviera Beach ("the City"); (III, VII, XII) false arrest and imprisonment against Wheeler,

Cushing, and Poreba; (IV, VIII, XIII) malicious prosecution against Wheeler, Cushing,

and Poreba; (IX, XVI, XIV) negligent supervision against Cushing, Poreba, and the City;

and, (XVII) negligence against the City. The defendants did not file a motions to dismiss

or for summary judgment. At trial, the Court granted judgment as a matter of law to the

defendants on all counts except Counts II and VI (§ 1983 violations against Cushing and

Wheeler).

    The Court will permit the attorneys to recover for most of the time billed in

developing their unsuccessful claims because all of the claims were related and did not

involve a great deal of extra preparation or discovery time. The Court will reduce the 8.5

hours that Ms. Saenz spent drafting, among other things, drafting Priester's first amended

complaint by 60 % to 3.4 hours. The Court will also reduce by 60% the 7 hours that Mr.

Hernandez spent preparing for and attending mediation, preparing and correcting the joint

pre-trial stipulation, reviewing the defendants' amended answers and affirmative

defenses, and reviewing the defendants' mediation summary to 2.8 hours. Mr.

Hernandez' adjusted total billable hours are 107.5 and Ms. Saenz' adjusted total billable

hours are 70.1 hours.

Page 13                                  **UNITED STATES DISTRICT COURT**
                                          **SOUTHERN DISTRICT OF FLORIDA**

### 3. Costs

The defendants object to $ 1,507.90 of Priester's $ 4,093.05 of claimed costs.

First, the defendants object to Priester's recovery of $ 1928.50 for 55.1 hours of

unspecified legal work by Ms. Saenz' paralegal at $ 35.00/hour.  The Court agrees that

Priester may recover for the work of his paralegal only if those hours are itemized so that

the Court can determine whether the paralegal in fact performed in a reasonable time

legal tasks related to Priester's case.  Priester has not itemized his paralegal's billable

hours.  If he wishes to do so, he may submit such documentation with his supplemental

evidence.  Otherwise, the Court will deny these costs.

Additionally, the defendants object to certain documents because they lack

supporting documentation:  the depositions of Wheeler, Patterson, Poreba, Cushing,

Anderson, and the transcripts of Wheeler, Patterson, and Anderson.  The Court agrees

that Priester should submit copies of his bills, invoices, or checks paying the bills for the

above costs before Priester can recover them.  The Court will permit Priester to recover

for deposing Poreba and will not require receipts or other such documentation to award

Mr. Hernandez' costs for traveling to and from West Palm Beach and Miami.

Priester also seeks costs for "office expenses, including but not limited to copies,

faxes, long distance, online research."  All of these costs, with the exception of the long

distance phone calls, are not recoverable.  *See Duckworth v. Whisenant*, 97 F.3d 1393,

1399 (11th Cir. 1996) (in civil rights litigation, costs such as general copying,

Page 14                                    **UNITED STATES DISTRICT COURT**
                                           **SOUTHERN DISTRICT OF FLORIDA**

computerized legal research, postage, courthouse parking fees and expert witness fees, are

not recoverable).  If Priester wishes to recover for his long distance phone calls, he must

separate these from the not recoverable costs.

### D.  City of Riviera Beach's Motion for Attorney's Fees

The City seeks to recover $ 33,543.00 in attorney's fees and $ 2,402.27 in costs

incurred in defending the City against two of Priester's claims:  a § 1983 claim and a

negligence claim.  The City has not filed a certificate that it conferred with opposing

counsel in a good faith effort to resolve the motion as required by S.D. Fla. L.R. 7.3 nor

has the City presented affidavits attesting to the reasonableness of its attorney's hourly

rates.  Priester has not responded to the motion.

The City seeks fees on the basis that Priester's claims were unreasonable,

frivolous, without foundation, and pursued once it became apparent that they were

without foundation.  On this basis, the City seeks to recover $ 15,780.00 for 78.5 hours

spent defending the City, and 50% of the attorney's remaining 84.8 hours spend

defending other defendants in the lawsuit, or $ 17,763.00.  The City never moved to

dismiss the claims against it nor did it ever move for summary judgment.  If the claims

against the City were indeed as frivolous as the City claims they are, the City could easily

have prevailed on one or both of these motions.

The Court will decline to decide the City's motion at this time and will require the

City to cure its motion's failure to comply with the Local Rules and require the parties to

Page 15                                          **UNITED STATES DISTRICT COURT**
                                                 **SOUTHERN DISTRICT OF FLORIDA**

submit supplemental briefs and evidence in support of and in opposition to the motion at

the same time that they submit supplemental material regarding Priester's motion for

attorney's fees.

## III. CONCLUSION

Having considered the motion and the pertinent portions of the record and being

otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that the defendants' motion for new trial **[DE-97]**

is DENIED.  It is further

ORDERED AND ADJUDGED that the defendants' motion for judgment as a

matter of law **[DE-98]** is GRANTED, in part, and DENIED, in part.  Judgment as a

matter of law is GRANTED in favor of Officer Cushing.  The final judgment shall be

amended to award Priester $ 5,000 in compensatory damages against Wheeler and $

10,000 in punitive damages against Wheeler individually.  It is further

ORDERED AND ADJUDGED that the plaintiff's motion to strike **[DE-99]** is

DENIED based upon the plaintiff's unfamiliarity with the procedure for counting days in

accordance with the Federal Rules of Civil Procedure.  It is further

ORDERED AND ADJUDGED that ruling is reserved on the plaintiff's motion for

attorneys' fees **[DE-101]** and the defendant Riviera Beach's motion for attorney's fees

**[DE-106]**.   The parties shall concurrently submit supplemental evidence or argument in

support of and in opposition to the motions by July 31, 1998.  It is further

Page 16                                    **UNITED STATES DISTRICT COURT**
                                           **SOUTHERN DISTRICT OF FLORIDA**

ORDERED AND ADJUDGED that, since the initiation of this Court's

FAXBACK program, the parties are no longer required to submit envelopes with their

motions and proposed orders.  Instead, proposed orders should include a full service list.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this _14_ day

of _July_, 1998.


                                           KENNETH L. RYSKAMP
                                           UNITED STATES DISTRICT JUDGE

copies provided:
Hosey Hernandez
Jacob A. Rose
Christina Saenz